UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ORLANDO HERNANDEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| HUNTER TERRELL SOLUTIONS, LLC, | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Orlando Hernandez (referred to as "Plaintiff" or "Hernandez") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Hunter Terrell Solutions, LLC (referred to as "Defendant" or "HTS"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.  HTS violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.  HTS violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.  Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.  Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because HTS resides in the Pecos Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Pecos Division of the Western District of Texas.

### III.  Parties

8. Orlando Hernandez is an individual who resides in Somervell County, Texas and who was employed by HTS during the last three years.

9. Hunter Terrell Solutions, LLC is a Texas limited liability company that may be served with process by serving its registered agent: Nathan G. Hunter, at 1495 CR 419, Nemo, Texas 76070.  Alternatively, if the registered agent of Hunter Terrell Solutions, LLC cannot with reasonable diligence be found at the company's registered office, Hunter Terrell Solutions, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that HTS committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of HTS or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. HTS is an oil and gas servicing company; it does business in the territorial jurisdiction of this Court.

12. HTS employed Plaintiff as a flowback operator from December 2017 to September 2018.

13. Though HTS misclassified Plaintiff as an independent contractor, HTS acted as Plaintiff's employer.

14. During Plaintiff's employment with HTS, he was required to drive to HTS's customer's drill sites and work on the flowback equipment, used in drilling operations, working twelve (12) hours or more each shift, until the job was done.

15. Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

16. During Plaintiff's employment with HTS, he was engaged in commerce or the production of goods for commerce.

17. During Plaintiff's employment with HTS, the company had employees engaged in commerce or in the production of goods for commerce.

18. During Plaintiff's employment with HTS, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

19. During Plaintiff's employment with HTS, the company had an annual gross volume of sales made or business done of at least $500,000.

20. HTS paid Plaintiff on a day-rate basis.

21. During Plaintiff's employment with HTS, he regularly worked in excess of forty hours per week.

22. HTS knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

23. HTS did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

24. Instead, HTS pays flowback operators, including Plaintiff, a flat sum for each day's work regardless of the number of hours they worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

25. In other words, HTS paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

26. HTS knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

27. HTS failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

28. HTS knew or showed a reckless disregard for whether its pay practices violated the FLSA.

29. HTS is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

30. All flowback operators employed by HTS are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid

overtime wages, liquidated damages and attorneys' fees and costs from HTS pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

31. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

32. During Plaintiff's employment with HTS, he was a nonexempt employee.

33. As a nonexempt employee, HTS was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

34. HTS did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

35. Instead, HTS pays flowback operators, including Plaintiff, a flat sum for each day's work regardless of the number of hours they worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

36. In other words, HTS paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

37.     If HTS classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

38.     HTS knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, HTS willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

39.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

40.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

41.     In addition to the pay violations of the FLSA described above, HTS also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

42.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

43.     On information and belief, other employees have been victimized by HTS's violations of the FLSA identified above.

44.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner

and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

45. HTS's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

46. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

47. All employees of HTS, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All flowback operators and other employees employed by HTS during the last three years that were improperly paid on a day-rate basis.

48. HTS is liable to Plaintiff and the other flowback operators for the difference between what it actually paid them and what it was legally obligated to pay them.

49. Because HTS knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other flowback operators their unpaid overtime wages for at least the last three years.

50. HTS is liable to Plaintiff and the other flowback operators in an amount equal to their unpaid overtime wages as liquidated damages.

51. HTS is liable to Plaintiff and the other flowback operators for their reasonable attorneys' fees and costs.

52. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

53. Plaintiff demands a trial by jury.

## IX.  Prayer

54. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiff and the other flowback operators all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Plaintiff and the other flowback operators may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
ORLANDO HERNANDEZ**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739